UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNETH MEDCALF, § <br> Individually and on § <br> Behalf of All Those Similarly Situated, § <br>     Plaintiff, § <br> § <br> V. § <br> § <br> § <br> § <br> § <br> MONCIER SERVICES, LLC § <br> DBA SPEEDY TREE SERVICES § <br> AND JASON MONCIER § <br>     Defendant. § | CIVIL ACTION NO. 4:23-cv-00325 <br><br> COLLECTIVE ACTION UNDER <br> 29 U.S.C. 216(b) <br><br> CLASS ACTION FILED UNDER <br> FRCP 23 <br> JURY DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Kenneth Medcalf brings this action individually and on behalf of all current and former workers (hereinafter "Plaintiff and the Potential Class Members" or "Day Rate Workers") who worked for Defendants Moncier Services, LLC dba Speedy Tree Services and Jason Moncier (collectively "Speedy Tree Services"), were misclassified as independent contractors and received a day rate but were not paid overtime, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

    1.1    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Potential Class Members are those persons who are current and former non-exempt employees—Day Rate Workers—of Speedy Tree Services who worked there within the last three years.

1.3     Plaintiff and the Potential Class Members were (and are) misclassified as independent contractors and paid on a day rate system. Specifically, Speedy Tree Services paid its Day Rate Workers a flat amount for each day worked without the proper overtime premium for all hours worked in excess of 40 in a workweek.

1.4     The decision by Speedy Tree Services not to pay proper overtime compensation to its Day Rate Workers was neither reasonable nor in good faith.

1.5     Speedy Tree Services knowingly and deliberately failed to compensate its Day Rate Workers overtime for all hours worked in excess of forty (40) hours per workweek.

1.6     The Day Rate Workers did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

1.7     Plaintiff and the Potential Class Members—the Day Rate Workers—therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.8     Plaintiff also prays that all similarly situated workers (Potential Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Kenneth Medcalf ("Medcalf") is an individual who resides in Hughes Springs, Texas. Plaintiff Medcalf worked for Speedy Tree Services within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Medcalf was

misclassified as an independent contractor and paid a day rate but did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

2.2     The Potential Class Members are those current and former non-exempt workers who worked for Speedy Tree Services and who were misclassified as independent contractors and subjected to the same illegal pay system under which Plaintiff worked and was paid—specifically, all other Day Rate Workers.

2.3     Defendant Moncier Services, LLC dba Speedy Tree Services ("Speedy Tree Services") is a Texas limited liability company and may be served with process through its registered agent for service, Jason Moncier, 11966 Hooks Lane, Princeton, Texas 75407. Defendant Jason Moncier may be served at 11966 Hooks Lane, Princeton, Texas 75407.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

3.2     This Court has personal jurisdiction over Speedy Tree Services because the cause of action arose within this district as a result of Speedy Tree Services' conduct within this district.

3.3     Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Speedy Tree Services has maintained a working presence throughout Collin County, Texas which is in this District and Division.

3.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Eastern District of Texas.

---

[1] The written consent of Kenneth Medcalf is attached hereto as Exhibit "A".

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Speedy Tree Services and Jason Moncier have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Speedy Tree Services has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Speedy Tree Services has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Potential Class Members' employment by Speedy Tree Services, these individuals provided services for Speedy Tree Services that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     At all times hereinafter mentioned, Plaintiff and the Potential Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.7     The proposed class of similarly situated employees, i.e., potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Day Rate Workers employed by Speedy Tree Services, Inc. from March 9, 2020 to the present."

4.8     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Speedy Tree Services.

4.9     Defendant Jason Moncier is a manager of Speedy Tree Services with "substantial control over the terms and conditions of the work" of Plaintiffs. As such, Moncier is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d). Plaintiffs allege that Moncier willfully ignored the plan language of the FLSA regarding the payment of overtime wages for each workweek and was consciously indifferent to the rights of Plaintiffs with regard to the payment of overtime wages.

## V.
## FACTS

5.1     Speedy Tree Services claims to be a tree care service with over 25 years of experience.[2] It also claims to service the areas between Dallas to Pottsboro and Rockwall to Denton.[3]

5.2     To provide its services, Speedy Tree Services employed (and continues to employ) numerous workers that were misclassified as independent contractors and were paid a "day rate" but did not receive overtime for all hours worked—all of these individuals make up the putative

---

[2] https://www.speedytreeservices.com/jobs/
[3] *Id.*

class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

5.3     Speedy Tree Services paid (and continues to pay) its Day Rate Workers a flat day rate for the work they perform. The Day Rate Workers are only paid for days they work—the day rate compensation system did not (and does not) take into account all hours worked in a workweek or overtime hours.

5.4     While the precise job duties of the Day Rate Workers may vary somewhat, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of the Day Rate Workers are non-exempt employees.

5.5     Plaintiff and the Day Rate Workers routinely worked up to seven (7) days per week and typically twelve (12) hours per day. Indeed, the Day Rate Workers often worked seven (7) days per week for an entire month or more until the specific job was completed.

5.6      The Day Rate Workers' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Speedy Tree Services and/or its clients. Virtually every job function was pre-determined by Speedy Tree Services, including the tools to use at a job site, the schedule of work, and related work duties.

5.7     The Day Rate Workers were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the Day Rate Workers' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.8     Indeed, the Day Rate Workers are blue-collar workers—they rely on their hands, physical skills, and energy to perform manual labor in completing their jobs.

5.9     While an employer—like Speedy Tree Services —can pay its non-exempt employees on a day rate basis, the employee(s) still must receive overtime pay for hours worked in excess of forty (40) in a workweek. *See* 29 C.F.R. § 778.112.

5.10    The Day Rate Workers worked far in excess of 40 hours per week, yet Speedy Tree Services did not (and still does not) pay them the proper amount of overtime for all hours worked in excess of 40 in a week.

5.11    Speedy Tree Services knows its Day Rate Workers work more than forty (40) hours in a week. The Day Rate Workers routinely work (and worked) in excess of sixty (60) or more hours in a workweek.

5.12    Thus, it is clear that Speedy Tree Services acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate the Day Rate Workers for all hours worked in excess of forty (40) during the workweek.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Speedy Tree Services violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for many of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     The FLSA also provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation of services, the

employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

6.3     Speedy Tree Services' compensation scheme applicable to the Day Rate Workers failed to comply with any of the above-enumerated regulations.

6.4     Moreover, Speedy Tree Services knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all of the overtime hours they worked. *See* 29 U.S.C. § 255(a).

6.5     Speedy Tree Services knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

6.6     Speedy Tree Services is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.7     Plaintiff and the Day Rate Workers, on the other hand, are (and were) unsophisticated laborers who trusted Speedy Tree Services to pay them according to the law.

6.8     The decisions and practices by Speedy Tree Services not to properly pay overtime for all of the overtime hours worked were neither reasonable nor in good faith.

6.9     Accordingly, Plaintiff and the Potential Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

### B.     COLLECTIVE ACTION ALLEGATIONS

6.10    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former Speedy Tree Services employees who are (or were) similarly situated to

Plaintiff Medcalf with regard to the work they have performed and the manner in which they have been underpaid—the Day Rate Workers.

6.11    Other similarly situated employees of Speedy Tree Services have been victimized by Speedy Tree Services' patterns, practices, and policies, which are in willful violation of the FLSA.

6.12    The Potential Class Members are "all Day Rate Workers employed or contracted by Speedy Tree Services at any time from March 9, 2020 to the present."

6.13    Speedy Tree Services' failure to properly pay overtime wages results from generally applicable policies and practices of Speedy Tree Services and does not depend on the personal circumstances of the Plaintiff and Potential Class Members.

6.14    Thus, Plaintiff's experiences are typical of the experiences of the Potential Class Members.

6.15    The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment.

6.16    All of the Day Rate Workers—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek; not just those hours worked in excess of ten (10) or twelve (12) in a day.

6.17    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.18    Accordingly, the class of similarly situated Plaintiffs is defined as:

**ALL DAY RATE WORKERS EMPLOYED OR CONTRACTED BY SPEEDY TREE SERVICES, AT ANY TIME FROM MARCH 9, 2020 THROUGH THE PRESENT.**

## VII.
## RELIEF SOUGHT

7.1  Plaintiff respectfully prays for judgment against Speedy Tree Services as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Speedy Tree Services to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Speedy Tree Services liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorney's fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff, a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Speedy Tree Services; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100  Phone/Facsimile
bhommel@hommelfirm.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS AND POTENTIAL CLASS MEMBERS**